702 S.E.2d 566

**In the Matter of James Archie PATRICK, Respondent.**

**No. 26899.**

Supreme Court of South Carolina.

Submitted Nov. 22, 2010.

Decided Dec. 6, 2010.

Lesley M. Coggiola, Disciplinary Counsel, and Joseph P. Turner, Jr., Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

James Archie Patrick, of Shepard, MT, pro se.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to disbarment pursuant to Rule 7(b), RLDE, Rule 413, SCACR. We accept the agreement and disbar respondent from the practice of law in this state. The facts, as set forth in the agreement, are as follows.

## FACTS

On or about May 5, 2005, respondent was charged by information with two (2) counts of Assault with a Weapon (Felony) and one (1) count each of Partner or Family Member Assault (Misdemeanor), Intimidation (Felony), and Tampering with Witnesses and Informants (Felony). The information was issued in Yellowstone County, Montana. On August 26, 2005, the Court placed respondent on interim suspension. *In the Matter of Patrick*, 365 S.C. 425, 618 S.E.2d 920 (2005).

On or about October 24, 2007, respondent was convicted of two counts of Assault with a Weapon (Felony), one count of Partner or Family Member Assault (Misdemeanor), one count of Intimidation (Felony), and one count of Tampering with Witnesses and Informants (Felony). On or about March 25, 2008, respondent was sentenced to twenty years imprisonment on the first count of Assault with a Weapon (Felony), twenty years imprisonment to run consecutively on the second count of Assault with a Weapon (Felony), one year imprisonment to run consecutively on the count of Partner or Family Member Assault (Misdemeanor), ten years imprisonment to run consecutively on the count of Intimidation (Felony), and ten years imprisonment to run consecutively on the count of Tampering with Witnesses and Informants (Felony). The Montana Supreme Court affirmed the convictions on or about June 30, 2009.

## LAW

Respondent admits that, by his misconduct, he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(a) (it is professional misconduct

for a lawyer to violate the Rules of Professional Conduct); Rule 8.4(b) (it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects); Rule 8.4(c) (it is professional misconduct for a lawyer to commit a criminal act involving moral turpitude); Rule 8.4(d) (it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(e) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice).

Further, respondent admits his misconduct is grounds for discipline under Rule 7, RLDE, of Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct), Rule 7(a)(4) (it shall be ground for discipline for lawyer to be convicted of a crime of moral turpitude or a serious crime), and Rule 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law).

## *CONCLUSION*

We accept the Agreement for Discipline by Consent and disbar respondent. Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**