702 S.E.2d 566

**In the Matter of Patrick James Thomas KELLEY, Respondent.**

No. 26898.

Supreme Court of South Carolina.

Submitted Nov. 8, 2010.

Decided Dec. 6, 2010.

Lesley M. Coggiola, Disciplinary Counsel, and Ericka M. Williams, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

 

Patrick James Thomas Kelley, of Bluffton, pro se.

PER CURIAM.

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and consents to the imposition of an admonition or a public reprimand. We accept the agreement and issue a public reprimand. The facts, as set forth in the agreement, are as follows.

## FACTS

On May 16, 2008, respondent served as the closing attorney in a transaction where Complainant was the purchaser of a home and related property. On or about October 16, 2008, Complainant informed respondent that she had just discovered the property was still listed in the name of the previous owner.

Respondent represents that the original documents were sent to his abstractor for recording. He also represents that the documents were returned to his office as the deed did not have the consideration on its face and needed an affidavit of true consideration in order to be recorded. Respondent further represents that he made corrections and placed the documents in the courier bag on May 23, 2008, for re-delivery and filing.

Respondent agreed to assist Complainant with correcting the error and getting the deed recorded. Respondent admits he failed to pursue and to keep Complainant reasonably informed about the status of the matter.

Complainant hired a new attorney to assist with the correction and filing of the deed. Respondent failed to respond to requests for information from Complainant's new attorney. Ultimately, the deed was re-signed by the previous owner and filed by Complainant's new attorney without respondent's assistance.

## LAW

Respondent admits that, by his misconduct, he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing client); Rule 1.4 (lawyer shall keep client reasonably informed about status of matter); and Rule 8.4(a) (it is professional misconduct for lawyer to violate Rules of Professional Conduct). Respondent acknowledges that his misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for a lawyer to violate Rules of Professional Conduct).

## CONCLUSION

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**